IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIA E. DIAZ,

        Plaintiff,

v.                                          CIVIL ACTION NO. 2:18-cv-00893

ETHICON, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Maria Diaz's Motion to Vacate this Court's Order Dismissing Plaintiff's Case. [ECF No. 12]. For the reasons stated herein, Ms. Diaz's motion is **DENIED**.

### I. Background

On May 4, 2018, Ms. Diaz's attorney, Richard Rosenblum, filed a Short Form Complaint on behalf of Ms. Diaz. [ECF No. 1]. The Complaint alleged several claims against Ethicon, Inc. ("Ethicon") related to injuries Ms. Diaz sustained from her TVT-Exact implant. *Id.* Her case was part of the multidistrict litigation ("MDL") assigned to this district concerning pelvic mesh devices.

On February 4, 2019, the court issued a Docket Control Order for Wave 11 cases. [ECF No. 7]. The Order discussed the court's concerns with the thousands of cases on the inactive docket. *Id.* at 1. To address this issue, the court returned the

cases listed on Exhibit A of the Order to the active docket and placed them on a scheduling order. *Id.* While the cases on Exhibit B were not flagged as inactive, the court entered a scheduling order for those cases as well. *Id.* Ms. Diaz's case was listed on Exhibit B and was therefore subject to the scheduling order. *Id.* at 174.

The parties in this case failed to comply with any scheduling deadlines. [ECF No. 8]. Thus, the court issued a Show Cause Order on November 16, 2020, ordering Ms. Diaz to show cause on or before December 16, 2020, as to why Ethicon should not be dismissed for her failure to prosecute. *Id.* at 1. The Show Cause Order warned Ms. Diaz that failure to respond with a showing of good cause would result in her case being dismissed without prejudice. *Id.* Ms. Diaz failed to timely respond to the Show Cause Order. Thus, the court dismissed her case without prejudice on December 17, 2020. [ECF Nos. 9, 10].

On November 14, 2022, Ms. Diaz filed the instant Rule 60(b)(6) motion, requesting that the court vacate its December 17, 2020 Orders. [ECF No. 12]. Ms. Diaz explains that at the time she filed her Complaint, her attorney, Mr. Rosenblum, was employed by Rubin, Machado & Rosenblum (now "Rubin & Machado, Ltd."); however, Mr. Rosenblum left the firm on or about March 1, 2019. *Id.* ¶¶ 1,3. Ms. Diaz alleges that Mr. Rosenblum lost access to "his Rubin, Machado & Rosenblum email address and did not receive Pacer and ECF emails in connection with this case." *Id.* ¶ 4. Mr. Rosenblum began receiving emails again from the court after he updated his email address on PACER. *Id.* ¶ 5. Ms. Diaz states that Mr. Rosenblum believed Rubin & Machado, Ltd. "assumed the handling of this matter and had filed an appearance"

after his departure. *Id.* ¶ 6. Therefore, he stopped monitoring the case. *Id.* Ms. Diaz states that "through inadvertence, neither Mr. Rosenblum nor Rubin & Machado, Ltd. became aware of the Court's orders with regard to this matter." *Id.* She alleges that only recently did an associate at Rubin & Machado, Ltd. begin investigating into why the firm was not receiving emails in her case. *Id.* ¶ 9. The associate spoke with an MDL clerk at the court, who informed the associate that Mr. Rosenblum's Rubin, Machado & Rosenblum "email address received notice of this Court's filings from May 4, 2018 to February 4, 2019," and that Mr. Rosenblum "received notice of this Court's filings from November 16, 2020 through December 17, 2020," via his updated email address. *Id.* ¶ 10. Ms. Diaz contends that "neither Rubin & Machado, Ltd. nor Mr. Rosenblum became aware of this Court's orders due to the circumstances . . . until [recently]." *Id.* She asserts that she "should not be prejudiced for her attorneys' conduct," and she asks that the court vacate its Orders dismissing her case. *Id.* ¶ 18.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) permits the court to "relieve a party . . . from a final judgment, order, or proceeding" for five specified reasons or under a sixth, catch-all provision. To succeed on any Rule 60(b) motion, "a party must demonstrate (1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once a party makes this

threshold showing, it must then show it is entitled to relief under one of Rule 60(b)'s six subsections. *Id.*

Rule 60(b)(6) "gives a court authority to relieve a party from a judgment for 'any other reason' not articulated in sections (1) through (5)." *Id.* Relief under this catch-all provision "is exceedingly rare." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). The court cannot grant a motion under Rule 60(b)(6) unless the movant has shown that "extraordinary circumstances" exist. *Wells Fargo Bank, N.A.*, 859 F.3d at 299.

### III. Discussion

To begin, I must discuss Rule 60(b)'s threshold requirements, three of which Ms. Diaz fails to demonstrate.

#### A. Timeliness

First, Ms. Diaz's motion is untimely. Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time." According to Ms. Diaz, "neither Rubin & Machado, Ltd. nor Mr. Rosenblum [were] aware of this Court's orders . . . until [recently]." [ECF No. 12, ¶ 10]. That assertion is either entirely false, or if true, it is unacceptable, as any reasonable attorney should have been aware of the circumstances.

On February 4, 2019, the court filed a Docket Control Order, which entered a scheduling order for cases on Exhibit B. [ECF No. 7]. Ms. Diaz's case was included on Exhibit B and was subject to the scheduling order. *Id.* at 174. At the time the Docket Control Order was entered, Mr. Rosenblum was still employed at Rubin, Machado &

4

Rosenblum, and thus he was given notice of the deadlines prior to his departure. *See* [ECF No. 12, ¶ 3 ("On or about March 1, 2019, Mr. Rosenblum left the law firm of Rubin, Machado & Rosenblum and joined MDR Law LLC.")]. After Mr. Rosenblum left the firm, he changed his email address on PACER and began receiving emails from the court regarding Ms. Diaz's case. *Id.* ¶ 5. Thus, Mr. Rosenblum "received notice of this Court's filings from November 16, 2020 through December 17, 2020, which were the Show Cause and the Dismissal Orders." *Id.* ¶ 10. Mr. Rosenblum, however, "did not monitor the case" nor did he "forward these emails and the Court's orders to Rubin & Machado, Ltd." because he believed that Rubin & Machado, Ltd. "was reviewing and monitoring" the matter. [ECF No. 12-1, ¶¶ 4–5]. But Mr. Rosenblum did not properly withdraw from this case, and he was the only attorney of record when these Orders were entered. *See* Loc. R. Civ. Proc. 83.4.

Nevertheless, even without the PACER notifications, Rubin & Machado, Ltd. knew of Ms. Diaz's pending case. On July 15, 2019, prior to the court's dismissal of this case, a paralegal from Rubin & Machado, Ltd. emailed Ethicon's counsel regarding "the opportunity of possible settlement" for Ms. Diaz. [ECF No. 13-1, at 8]. The email included Ms. Diaz's name, civil action number, and MDL number. *Id.* On July 18, 2019, the parties scheduled a phone call between Ethicon's counsel, the paralegal, and Emilio Machado, an attorney at Rubin & Machado, Ltd. *Id.* at 6–7. Following the phone call, the paralegal uploaded Ms. Diaz's medical records to a portal for Ethicon's review. *Id.* at 3–6. A week later, the paralegal again contacted Ethicon's counsel to schedule a time to discuss settlement. *Id.* at 2–3. Mr. Machado

5

was copied on the emails. *Id.* at 2. The record thus demonstrates that even if Rubin & Machado, Ltd. was not receiving emails from PACER, the firm was aware of Ms. Diaz's case and had enough information to access the docket. I further note that while Ms. Diaz's attorneys were careless, Ms. Diaz also could have been more diligent in inquiring into the status of her case between 2020 and 2022.

For these reasons, I find that Ms. Diaz's motion, filed nearly two years after the court's dismissal orders, is untimely.

### B. Lack of Unfair Prejudice

Second, Ms. Diaz has failed to demonstrate that no unfair prejudice to Ethicon would result from vacating the court's dismissal orders. Indeed, Ms. Diaz does not even address the issue in her motion. The transvaginal MDL involved thousands of individual lawsuits against pelvic mesh manufacturers. As a defendant named in many of these cases, Ethicon relied on the finality of the court's "case management orders," dismissing cases "where no prosecution occurred" by the plaintiff. [ECF No. 13, at 5]. Thus, under the circumstances, vacating the dismissal orders would unfairly prejudice Ethicon.

### C. Exceptional Circumstances

Finally, Ms. Diaz has not shown that exceptional circumstances exist that would justify vacating the court's dismissal orders. In her motion, Ms. Diaz contends that "[t]he miscommunication between Mr. Rosenblum and [Rubin & Machado, Ltd.] rises to the level of constructive abandonment." [ECF No. 12, ¶ 13]. She asserts that "[she] should not be prejudiced for her attorneys' conduct" and "should have th[e]

opportunity to settle her case." *Id.* ¶ 18. The United States Court of Appeals for the Fourth Circuit has held, however, that "a lawyer's ignorance or carelessness do[es] not present cognizable grounds for relief under 60(b)." *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). Additionally, I found in *Nelson v. Boston Scientific Corp.* that the plaintiff was not entitled to relief under Rule 60(b)(6) after her case was dismissed due to her MDL attorney's "repeated failures to respond to court orders" and "preoccup[ation] with other matters." No. 2:12-cv-9423, 2016 WL 4992094, *2 (S.D. W. Va. Sept. 16, 2016).

Ms. Diaz notes that some courts have granted Rule 60(b)(6) motions in circumstances where a "lawyer's conduct is so egregious and profound that it amounts to the abandonment of the client's case altogether, either through physical . . . or constructive disappearance." [ECF No. 12, ¶ 12]. Here, Rubin & Machado, Ltd. continued to work on Ms. Diaz's case after Mr. Rosenblum's departure, at least until July 2019, [ECF No. 13-1], and the firm must have intended to pursue this matter given that in 2022, an associate began investigating "the reason why Rubin & Machado, Ltd. was not receiving any emails as to Plaintiff's case," [ECF No. 12, ¶ 9]. No miscommunication appears to have occurred. Mr. Rosenblum and Rubin & Machado, Ltd.'s conduct is better characterized as disorganized or careless, rather than abandonment. While I am sympathetic to Ms. Diaz's predicament, she selected her attorneys and must live with the consequences of their representation. I am mindful, however, that Ms. Diaz is not without remedy. Her Rule 60(b)(6) motion is just not the proper vehicle for her to be made whole.

Because Ms. Diaz fails to meet the threshold requirements under Rule 60(b), I do not reach the question of whether she meets the standard of the catch-all provision. Ms. Diaz's motion is **DENIED**.

## IV. Conclusion

For the foregoing reasons, Ms. Diaz's Motion to Vacate this Court's Order Dismissing Plaintiff's Case [ECF No. 12] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 10, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE